Porter, J.
delivered the opinion of the court. This action was instituted on a promissory note, made by Lashley, of whose estate the defendant is curator. The defence set up was insanity, fraud, and want of consideration.
The cause was submitted to a jury, who found for the defendant.
The plaintiff did not apply for a new trial . m the court below, but appealed, and asks to have the judgment reversed, as the verdict is contrary to evidence.
Judging alone from what appears on record, and without the advantages which were possessed by those who tried the cause in the *189 first instance,*we are of opinion the weight of r & evidence is in favor of the plaintiff! In ordinary actions we might proceed on this opinion, to give final judgment; but cases of the nature of that now before us, where fraud is put at issue (like those where damages are to be assessed) fall so peculiarly within the province of a jury, and that body, from its constitution, and the manner investigation is carried on before it, is so much better qualified than this court, to arrive at a correct conclusion on the merits, that we feel great reluctance to decide contrary to their verdict.
East’n District.
March, 1822.
As the cause now stands, we think the s af-est course we can adopt, and the one best calculated to attain the ends of justice, is to sefid the parties back to investigate their rights anew. If the jury, who alreacfy tried the case, have erred, from the motives ascribed to them by the plaintiff; if they ha»e been guided by their passions, and forgot the solemn duty they had to perform, apd the responsibility under which they discharged it, twelve other of our citizens can correct their error. On the contrary, should ⅜. second jury find as the first has done, and an appeal is again taken, we shall be better enabled to *190 • satisfy the law, and do that in the case which justice may demand. 10 Martin, 66.
Watts ior the plaintiff Duncan for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that this cause be remanded for a new trial, and that the defendant and appellee pay the costs''of this appeal. ⅜